OPINION
{¶ 1} Appellant, Robert M., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor children, R.A.M. and D.C.M., to the Clermont County Department of Job and Family Services ("CCDJFS").[1] We affirm the juvenile court's decision.
 {¶ 2} On September 2, 2004, R.A.M. and D.C.M. were removed from the home of their paternal grandmother and uncle, after the children's mother left them with their relatives unexpectedly for a week without returning. Appellant was serving a prison sentence at the time. The next day, CCDJFS filed a complaint alleging that the children were neglected and sought emergency custody of the children. That day, the juvenile court granted emergency custody of the children to CCDJFS. On September 14, 2004, a magistrate adjudicated the children dependent, and on November 9, 2004, awarded CCDJFS temporary custody of the children. In addition, a case plan for reunification with the children was implemented, under which appellant was to obtain and maintain employment and housing, successfully complete parental education, and complete drug and alcohol services.
 {¶ 3} On July 28, 2005, CCDJFS moved for permanent custody after appellant failed to make progress with the case plan. After a trial, a magistrate granted CCDJFS's motion for permanent custody. Appellant filed objections to the magistrate's decision, and the juvenile court overruled the objections and affirmed the magistrate's decision. Appellant appeals the juvenile court's decision, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE JUVENILE COURT ERRED IN AWARDING PERMANENT CUSTODY TO CCDJFS BECAUSE ITS DETERMINATION THAT THE FATHER FAILED TO MAKE A CONSISTENT EFFORT TO REUNIFY WITH HIS CHILDREN IS AGAINST THE MANIFEST EVIDENCE AS PRESENTED AT TRIAL."
 {¶ 6} In appellant's first assignment of error, he argues the juvenile court erred in finding his children cannot or should not be placed with him. We disagree.
 {¶ 7} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v. Kramer (1982), 455 U.S. 745,759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers (2000), 138 Ohio App.3d 510, 520.
 {¶ 8} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the juvenile court must find that: (1) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and (2) as applicable to the present case, the children cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B); In re J.S., Butler App. No CA2005-12-502, 2006-Ohio-1150, ¶ 10.
 {¶ 9} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors," including: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem; the custodial history of the child; the child's need for a legally secure, permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 10} Further, R.C. 2151.414(E)(4) provides that the juvenile court shall enter a finding that children cannot be placed with either parent within a reasonable time or should not be placed with either parent where the parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
 {¶ 11} Viewing the facts of this case in light of the above factors, it is clear that the children are in need of legally secure placement, and despite CCDJFS's reasonable efforts to reunify appellant with his children, appellant has not demonstrated a meaningful commitment to completion of the case plan for reunification. While appellant has been employed at various times since implementation of the case plan, he was unemployed at the time of trial and has yet to obtain and maintain stable housing. Further, appellant's parental education course was cancelled after he failed to attend four sessions. In addition, appellant failed to complete drug and alcohol services by refusing to submit to three of the four scheduled tests and testing positive for methamphetamine and marijuana when he did submit to a test. Appellant also stopped attending visitations with the children, and admitted that he did so because of an outstanding warrant for his arrest. Appellant eventually was arrested for this violation and incarcerated, which has prevented him from attending subsequent visitations. Finally, while the children were too young to express their wishes, their guardian ad litem recommended that CCDJFS be awarded permanent custody of the children.
 {¶ 12} After reviewing the record, we find sufficient, credible evidence exists to support the juvenile court's determination that it is in the children's best interest that they be permanently placed in the custody of CCDJFS and that the children cannot be placed with either parent within a reasonable time and should not be placed with either parent. The juvenile court made findings related to the applicable statutory factors, which are overwhelmingly supported by the evidence. Accordingly, appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No: 2:
 {¶ 14} "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO CCDJFS BECAUSE CCDJFS FAILED TO MAKE REASONABLE EFFORTS TO PREVENT REMOVAL OR TO PREVEN[T] THE CONTINUED REMOVAL OF THE CHILDREN."
 {¶ 15} In appellant's second assignment of error, he argues the juvenile court erred in awarding permanent custody because CCDJFS did not make reasonable efforts to implement the case plan for reunification pursuant to R.C. 2151.419. We disagree.
 {¶ 16} R.C. 2151.419(A)(1) states that the "reasonable efforts" requirement applies to hearings held pursuant to R.C.2151.28, R.C. 2151.31(E), R.C. 2151.314, R.C. 2151.33, or R.C.2151.353. However, CCDJFS filed its motion for permanent custody pursuant to R.C. 2151.413, and the juvenile court held a hearing on that motion pursuant to R.C. 2151.414. Therefore, the "reasonable efforts" requirement in R.C. 2151.419(A) is not applicable to this case. See In re S.P., Butler App. No. CA2004-10-255, 2005-Ohio-1079, ¶ 5; In re A.C., Clermont App. No. CA2004-05-041, 2004-Ohio-5531, ¶ 30. Accordingly, appellant's second assignment of error is overruled.
 {¶ 17} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] We note that the children's mother, Erica B., did not appeal the juvenile court's decision.