OPINION
{¶ 1} Appellant, Mary K., appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, to grant Children's Services permanent custody of her children, B.K., E.K., and A.K.[1]
 {¶ 2} The Fayette County Department of Job and Family Services, Children's Services Division ("Children's Services"), had been involved with appellant's family for several years by the time the children were removed from the home by court order in the instant case in 2004. B.K. was adjudicated an abused and dependent child, and her siblings, E.K. and A.K. were adjudicated dependent children.
 {¶ 3} Juvenile court received evidence that Frank K., appellant's husband and the childrens' father, was convicted of the offenses of rape and gross sexual imposition of B.K., and was sentenced to prison. Evidence was presented that appellant was convicted of child endangering for the same incident or incidents that resulted in the father's conviction. Appellant was also convicted of domestic violence against B.K.
 {¶ 4} The agency moved for permanent custody and the matter came on for a hearing in August and December 2005, after the criminal matters for the parents were concluded at the trial level. The juvenile court found that the children had been in the custody of the agency for 12 or more months of a consecutive 22-month period and that the children could not be placed with either parent within a reasonable time and should not be placed with either parent. See R.C. 2151.414(B). The juvenile court further found that a grant of permanent custody to Children's Services was in the children's best interests. R.C. 2151.414(B). Appellant instituted this appeal from that judgment, setting forth three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE WISHES OF THE CHILDREN."
 {¶ 7} Pursuant to R.C. 2151.414(D), a trial court shall consider specific factors in determining whether a child's best interests would be served by granting a motion for permanent custody. Those factors include, but are not limited to: (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child. In re E.W., Franklin App. Nos. 05AP-1088, 05AP-1089, 05AP-1090, 05AP-1091, 2006-Ohio-2609, ¶ 9; R.C. 2151.414(D).
 {¶ 8} The record in the instant case does not indicate that any party requested an in camera interview of the children, nor did such an interview apparently occur. The juvenile court indicated in its judgment entry that the children were too young to express their wishes. The juvenile court also noted that the guardian ad litem ("GAL") appointed for the children opined that a grant of permanent custody to Children's Services was in the children's best interest.
 {¶ 9} At the time of the hearings, the oldest child, B.K., was approximately seven years of age and the twins, A.K. and E.K., were four years old. Evidence was presented to infer that each child's level of maturity was not equivalent to his or her chronological age.
 {¶ 10} The juvenile court heard evidence that all of the children were developmentally delayed. B.K. exhibited extensive behavioral problems and was repeating the first grade in school in a special education program. B.K. also had special needs associated with her sexual abuse and was receiving counseling. Both of the twins had behavioral problems and exhibited speech and language impediments. Therapists worked extensively with A.K. so that her speech could be understood by others.
 {¶ 11} The juvenile court also heard evidence that the children's visits with appellant were problematic. The visits were eventually terminated after appellant struck B.K. twice during one of the visits. Evidence was also presented that B.K. did not want to visit with her mother and that the children would behave in such a way to postpone participating in the visits or would attempt to leave the visitation area during the visits.
 {¶ 12} We are aware of the cases cited by appellant that stress that the juvenile court and GAL should ascertain the wishes of children mature enough to express those wishes and should attempt to discern if a child is capable of expressing his or her wishes. See In re Swisher, Franklin App. No. 02AP-1408, 2003-Ohio-5446; see In re Miller, Licking App. No. 04CA32,2005-Ohio-856; see, also, In re T.V., Franklin App. Nos. 04AP-1159, 04AP-1160, 2005-Ohio-4280, ¶ 61 (record devoid of evidence that anyone made attempt to discern if child capable of expressing wishes).
 {¶ 13} However, the juvenile court here expressly found that the children were not mature enough to state their wishes for these proceedings. There was competent, credible evidence in the record for the juvenile court to find that the children were not mature enough to understand the proceedings and to express their wishes as to custody in a meaningful manner. C.f. In re A.T.,
Summit App. No. 23065, 2006-Ohio-3919, ¶ 63 (record fails to suggest that child had the necessary maturity to understand the proceedings and provide a credible indication regarding his wishes as to custody, where child is being treated for ADHD, bipolar disorder, disruptive disorder, and was under psychiatric care); see, generally, In re R.A.M., Clermont App. No. CA2006-02-015, 2006-Ohio-3242 (competent, credible evidence in record to support determination).
 {¶ 14} Therefore, we cannot say that the juvenile court erred when it found that the children were too young to ascertain their wishes. See In re E.W., 2006-Ohio-2609, at ¶ 11 (considering other factors cited by lower court in support of grant of permanent custody, appellant failed to demonstrate any prejudicial error as a consequence of lower court stating that wishes of children were not expressed). Appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT DETERMINING WHETHER THE CHILDREN SHOULD HAVE BEEN REPRESENTED BY INDEPENDENT COUNSEL."
 {¶ 17} A child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances. R.C. 2151.352; Juv.R. 4; In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, syllabus. When the GAL is an attorney, that person may serve as counsel for the child, provided no conflict between the roles exists. Juv.R. 4(C)(1);In re H.R., Montgomery App. No. 21274, 2006-Ohio-1595, ¶ 6
(conflict arises when a GAL, who is also appointed juvenile's attorney, considers the juvenile's best interests and recommends a disposition in a permanent custody proceeding that conflicts with the juvenile's wishes); see, generally, In re Williams.
 {¶ 18} The juvenile court in the case at bar filed entries resulting in a dual appointment for the attorney to serve as GAL and as legal counsel for the children. A review of the record in the case at bar indicates that neither the juvenile court nor any of the parties identified a conflict with the dual representation roles of guardian and counsel for the children. See In reMiller, 2005-Ohio-856, at ¶ 33 (generally, appointment of separate individuals to serve as guardian ad litem and counsel for a child is only required if either the guardian ad litem or the trial court determines that a conflict exists between the role of guardian ad litem and the role of an attorney).
 {¶ 19} "There is no need to consider the appointment of counsel based upon a child's occasional expression of a wish to be with a parent or because of a statement made by an immature child." In re Williams, Geauga App. Nos. 2002-6-2454, 2002-6-2459, 2002-Ohio-6588, ¶ 24; see In re A.T., Summit App. No. 23065, 2006-Ohio-3919, ¶ 63.
 {¶ 20} As we previously stated, the juvenile court found that the children were too immature to express their wishes for purposes of these proceedings. Likewise, there is no indication in the record that any of the children made any statement or conducted themselves in a manner contrary to the GAL's position on custody.
 {¶ 21} We have reviewed appellant's argument and cited authority. We are not persuaded that the dual appointment constituted error when the issue was not called to the lower court's attention and there is no evidence of a conflict. Accordingly, we find that the juvenile court did not err in failing to appoint a separate GAL and legal counsel for the children. Appellant's second assignment of error is overruled.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE POSSIBILITY OF PLACING THE CHILDREN WITH A SUITABLE RELATIVE."
 {¶ 24} When an agency seeks permanent custody of a child, the court shall consider all pertinent factors in determining the child's best interests, including whether the child's need for a legally secure permanent placement could be accomplished without a grant of permanent custody to the agency. See R.C.2151.414(D)(4); see, e.g. In re H.M., Clinton App. Nos. CA2005-09-022, CA2005-09-023, 2006-Ohio-819, ¶ 14 (trial court's consideration of placement with suitable relative part of best interest determination).
 {¶ 25} The trial court is vested with discretion to determine what placement option is in the child's best interest, and the court's exercise of that discretion should be accorded the utmost respect. In re Keaton, Ross App. No. 04CA2785, 2004-Ohio-6210,¶ 61-62; In re Hilyard, Vinton App. Nos. 05CA600, 05CA601, 05CA602, 05CA603, 05CA604, 05CA606, 05CA607, 05CA608, 05CA609,2006-Ohio-1965, ¶ 43.
 {¶ 26} It is important to note that the children had lived periodically with relatives or others, but there is no indication from the record that any of these individuals currently sought custody.
 {¶ 27} Children's Services discussed the prospect of placement with some relatives, but none of the relatives reportedly pursued custody. The record does not reflect, and appellant has not indicated to this court, that any relative sought placement at the permanent custody hearing.[2]
 {¶ 28} Accordingly, we do not find that the juvenile court abused its discretion in not considering relative placement, particularly when no relative even provided juvenile court with that option. The record indicates that the juvenile court considered the evidence presented and found by clear and convincing evidence that Children's Services should be granted permanent custody of these children.[3] Appellant's third assignment of error is overruled.
 {¶ 29} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] The children's father did not appeal the juvenile court's decision.
[2] Appellant argues that one witness at the permanent custody hearing testified that she had considered custody of A.K. when A.K. was failing to thrive; however, the witness did not indicate at the hearing that she wished to pursue custody.
[3] The record contained evidence that the parents did not display adequate parental care for the children, failed to benefit from the numerous services provided to them, and demonstrated the inability to place their children's needs over their own personal issues and tumultuous relationship.