DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from two nunc pro tunc orders of the Lucas County Court of Common Pleas, Juvenile Division, that corrected omissions from a previous judgment entry and affirmed that court's judgment terminating appellant's parental rights. For the following reasons, the judgments of the trial court are affirmed.
 {¶ 2} Appellant Melinda F., mother of Ronald H. and Racaris H., sets forth the following assignments of error: *Page 2 
 {¶ 3} "A. The Trial Court erred in finding that there were reasonable efforts made by Lucas County Children Services Board and its decision finding clear and convincing evidence that permanent custody of Ronald H. and Racaris H. should be awarded to Lucas County Children Services Board was against the manifest weight of the evidence.
 {¶ 4} "B. The Trial Court erred when it issued a Nunc Pro Tunc order and did not have a dispositional hearing pursuant to the Appellate Court's decision."
 {¶ 5} The facts that are relevant to the issues raised on appeal are as follows. By judgment entry filed December 28, 2005, the trial court awarded permanent custody of Ronald, Jr., who was then 12 years old, and Racaris, then one year old, to appellee Lucas County Children Services ("LCCS"). Both parents appealed. On September 11, 2006, this court reversed the decision of the trial court and remanded the matter, finding that the trial court had failed to enter a finding of dependency as to Racaris after the June 14, 2005 adjudicatory hearing. On remand, after reviewing the transcript of the adjudicatory hearing, the trial court entered a nunc pro tunc order on November 15, 2006, as to each child. The nunc pro tunc orders reflected the facts of the adjudicatory hearing and found Racaris and Ronald, Jr. to be dependent children. The trial court also affirmed its original judgment entry awarding permanent custody of the children to appellee. It is from the two nunc pro tunc orders that mother appeals. Although father was a party to the initial appeal in 2006, he has not appealed the most recent judgments.
 {¶ 6} Appellant presents two arguments in support of her first assignment of error. Appellant asserts that the trial court erred by finding that appellee had made *Page 3 
reasonable efforts to prevent removal of the children from the home and that the court erred by finding that there was clear and convincing evidence that permanent custody should be awarded to LCCS.
 {¶ 7} As to appellant's first argument, Ohio courts have consistently held that the requirement in R.C. 2151.419(A)(1) that a children's services agency make "reasonable efforts" to prevent the removal of a child from his or her home does not apply when the agency has sought permanent custody pursuant to R.C. 2151.413. See, e.g., In the matterof: R.AM., 2006-Ohio-3242, 12th Dist. No. CA2006-02-015, ¶ 16; In thematter of: S.P., 2005-Ohio-1079, 12th Dist. No. CA2004-10-255, ¶ 5;In the matter of: V.M., 2006-Ohio-4461, 10th Dist. No. 06AP-144, ¶ 11. The record before us reflects that Racaris' and Ronald, Jr.'s cases were both filed as original permanent custody complaints pursuant to R.C.2151.413. Accordingly, this argument is without merit.
 {¶ 8} Appellant next asserts that she substantially complied with her case plan services and substantially remedied the problems that caused the children to be removed from the home.
 {¶ 9} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. *Page 4 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)-(5) of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In reWilliam S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 10} The trial court considered the pleadings, testimony, exhibits and an in camera interview with Ronald, Jr. The court also took judicial notice of the adjudicatory facts of each child's case. Witnesses at the disposition hearing included the two psychologists who evaluated appellant; one of Ronald, Jr.'s foster parents; several LCCS caseworkers and other staff; several community mental health professionals who had contact with appellant and the children; numerous individuals who have had contact with appellant over the years; appellant's mother and brother, and the children's guardian ad litem.
 {¶ 11} In its December 28, 2005 judgment — affirmed by the November 15, 2006 nunc pro tunc order — the trial court found by clear and convincing evidence that Ronald, Jr. and Racaris could not and should not be placed with either of their parents within a reasonable time and that an award of permanent custody to LCCS was in the children's best interest. *Page 5 
 {¶ 12} In making its decision, the trial court found that several of the conditions listed in R.C. 2151.414(E) existed as to appellant in this case. First, the trial court found, pursuant to R.C.2151.414(E)(2), that appellant suffers from chronic mental illness, emotional illness and mental retardation which make her unable to provide an adequate permanent home for the children. This finding was based on the extensive written reports and testimony provided by the two psychologists who evaluated appellant. Charlene Cassel, Ph.D., testified that appellant has a full scale IQ of 72, which indicates borderline intellectual functioning. Dr. Cassel also diagnosed a chronic personality disorder and testified that appellant demonstrated little insight into the conditions of her life which affect her ability to care for children. Further, Dr. Cassel testified that if the children were placed with appellant, she would need 24-hour support seven days per week to ensure the children's safety.
 {¶ 13} Additionally, Mark Pittner, Ph.D. testified that he conducted a psychological evaluation of appellant in August 2005, and also found her full scale IQ to be 72. He shared Dr. Cassel's concerns regarding appellant's parenting behaviors and lack of parenting skills. Dr. Pittner testified that the fact that appellant had completed some parenting classes would not alter his conclusions and stated that she continued to evidence weaknesses in memory and was performing academically between the third and fifth grade levels. He further testified that the personality testing he conducted was invalid as appellant was untruthful in her responses. He also found that appellant had *Page 6 
little to no insight as to the nature of her own difficulties and little insight into the disability suffered by Ronald, Jr., who was diagnosed with Down Syndrome.
 {¶ 14} Pursuant to R.C. 2151.414(E)(6), the trial court found that appellant was convicted in March 2001, of child endangering involving Ronald, Jr. and one of her other children. The trial court further found, pursuant to R.C. 2151.414(E)(11), that appellant's parental rights were involuntarily terminated with respect to three of her other children. (See In the matter of: Malaya H., Monica H. and Romael DorianH., 6th Dist. No. L-05-1005, 2005-Ohio-7010, wherein this court affirmed the trial court's judgment granting permanent custody of appellant's three children to LCCS.)
 {¶ 15} The trial court also found that, pursuant to R.C.2151.414(E)(15), the seriousness, nature and likelihood of recurrence of the neglect which Ronald, Jr. had already experienced made his placement with either parent a threat to his safety.[1] This finding was based on the testimony of caseworkers and mental health professionals that Ronald, Jr. has special needs and suffers from Down Syndrome.
 {¶ 16} Pursuant to R.C. 2151.414(E)(16), the trial court noted several other factors it considered relevant to its decision. The trial court found that LCCS has been involved with appellant and Ronald, Sr., the children's father, for several years due to concerns about domestic violence, inadequate supervision of the children and the parents' substance abuse. The trial court further found that the agency initially attempted to maintain the children in the home while providing services. The trial court also noted *Page 7 
that neither parent had successfully reunified with any of their children who had come before the court. Further, the trial court found the parents' violent relationship to be a relevant factor. The court noted that while appellant claimed to have ended her relationship with Ronald, Sr. after a safety plan was developed for her and the children in 2003, she became pregnant with Racaris in 2004 and named Ronald, Sr. as the father.
 {¶ 17} The trial court also reviewed the testimony and written report of the children's guardian ad litem, who recommended that permanent custody be awarded to LCCS.
 {¶ 18} This court has thoroughly reviewed the record of proceedings in this case, including the transcript of the dispositional hearing and the report of appellant's 2005 psychological evaluation. Appellant argues that she has applied knowledge she received from the parenting and domestic violence classes she attended. This is contradicted by evidence that after the agency developed a safety plan for appellant requiring her to have no contact with Ronald H., Sr., due to their history of domestic violence, appellant became pregnant with Racaris and named Ronald, Sr. as the father. Further, the trial court heard testimony that appellant had declared her intention to continue her relationship with Ronald, Sr. despite the consequences. Although appellant completed some services, the evidence clearly indicates an inability to apply the information provided through the programs to her life with the children.
 {¶ 19} Appellant challenges the value of the testimony of Dr. Cassel, who evaluated appellant in 2001, arguing that the psychologist's conclusions were outdated. *Page 8 
However, the record reflects that appellant was evaluated again in August 2005, by psychologist Mark Pittner, and that Pittner's conclusions essentially confirmed those of Dr. Cassel. After conducting two clinical interviews and administering three psychological tests, Dr. Pittner concluded that appellant had made little or no change since the earlier evaluation. He found that appellant has borderline intelligence with weaknesses in short term memory. Dr. Pittner also concluded that appellant tends to use denial to excess; dismisses the severity of the domestic violence she experienced in the past in her relationship with the children's father; has little to no insight into the nature of her own difficulties or the disabilities of Ronald, Jr., and no insight into the challenges she may face in raising Racaris, who was then an infant.
 {¶ 20} Upon careful consideration of the foregoing, we find that the trial court's decision was supported by clear and convincing evidence and that an award of permanent custody to LCCS was in the children's best interest. Appellant's second argument is without merit.
 {¶ 21} Based on our findings as to appellant's two arguments, appellant's first assignment of error is not well-taken.
 {¶ 22} As her second assignment of error, appellant asserts that the trial court erred by issuing nunc pro tunc orders as to each child following remand by this court. Appellant argues that when this court remanded the matter "for further proceedings" it was implicitly ordering the trial court to conduct a new disposition hearing. This court made no such order. This matter was remanded in order for the trial court to properly *Page 9 
record its adjudicatory findings in the record. The trial court proceeded properly when it conducted a review hearing on October 20, 2006, with counsel for all parties present, and then issued the nunc pro tunc orders finding Ronald, Jr. and Racaris to be dependent children. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J. and Thomas J. Osowik, J. CONCUR.
[1] Racaris was placed in the temporary custody of LCCS immediately after his birth. *Page 1