OPINION
{¶ 1} Appellant Mark Miller appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, that granted a motion for permanent custody filed by Appellee Licking County Department of Job and Family Services ("Agency.") The following facts give rise to this appeal.
 {¶ 2} Appellant is the biological father of Kelly and Paige Miller.[1]
In 2001, the Agency became involved with appellant and his family as a result of substance abuse issues and violence in the home. Appellant successfully completed all services required by the case plan and in March 2002, the children were returned to his home. For six additional months, the Agency maintained protective supervision of both children. However, on August 8, 2002, the Agency terminated protective supervision and closed the case.
 {¶ 3} On February 18, 2003, appellant struck Kelly, in the left eye, with a carton of cigarettes, after she "spouted-off" to him. At school the following day, when asked about the bruising around her left eye, Kelly lied and said she was injured in a sledding accident. Thereafter, the Agency became involved and questioned six-year-old Paige. Paige initially stated her sister was injured in a sledding accident. However, after further questioning, Paige admitted that her father struck Kelly, in the face, with a carton of cigarettes.
 {¶ 4} Appellant agreed to meet, with the Agency, regarding this incident. Appellant admitted to Detective Eric McCort that he struck Kelly in the face. Subsequently, the Licking County Grand Jury indicted appellant for felony domestic violence stemming from this incident. Thereafter, the Agency filed a complaint, on February 21, 2003, alleging Paige was a dependent and/or neglected child. On March 7, 2003, the Agency filed a motion to amend the complaint changing the prayer from temporary custody to permanent custody. The juvenile court conducted a hearing in this matter on May 2, 2003. The juvenile court found the children to be dependent and by agreement of the parties, the juvenile court placed Paige in the temporary custody of the Agency.
 {¶ 5} On June 16, 2003, the Agency filed a motion for permanent custody of Paige. The trial court conducted a hearing, on the Agency's motion, on July 28, 2003; September 2, 2003; and September 23, 2003. Several members of the family also filed motions for legal custody. At the time of these hearings, appellant was serving a nine-month sentence as a result of his conviction for felony domestic violence. On December 17, 2003, the trial court filed a judgment entry granting the Agency's motion for permanent custody.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court erred in finding that the licking county department of job and family services made reasonable and diligent efforts to reunify the family.
 {¶ 8} "II. The trial court erred in not making written findings of the relevant services provided by the department to appellant.
 {¶ 9} "III. The trial court erred in not appointing a separate attorney and separate guardian ad litem for paige miller.
 {¶ 10} "IV. The guardian ad litem's reports failed to express the wishes of paige miller.
 {¶ 11} "V. The trial court erred in finding that father failed to remedy the conditions that caused paige's removal.
 {¶ 12} "VI. The trial court erred when it found that the children could not be placed with miller within a reasonable time.
 {¶ 13} "VII. The trial court erred in not awarding legal custody of paige miller to paternal aunt.
 {¶ 14} "VIII. The trial court erred in finding clear and convincing evidence that any award of permanent custody to licking county department of job and family services was in the best interest of paige miller.
 {¶ 15} "IX. The trial court and this court erred in denying appellant's motion for appointed counsel and for a transcript at state expense.
 {¶ 16} "X. The July 28, 2003 hearing is unavailable."
 I {¶ 17} In his First Assignment of Error, appellant maintains the juvenile court erred when it determined the Agency made reasonable efforts to reunify the family. We disagree.
 {¶ 18} Appellant sets forth two arguments under this assignment of error. First, appellant contends he was not timely served with a copy of the case plan as required by R.C. 2151.412(C). This statute provides, in pertinent part:
 {¶ 19} "(C) Each public children services agency and private child placing agency that is required by division (A) of this section to maintain a case plan shall file the case plan with the court prior to the child's adjudicatory hearing but no later than thirty days after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care. * * *"
 {¶ 20} The Agency filed a case plan in this matter on April 1, 2003. Appellant claims he was never presented, with a copy of the case plan, until April 23, 2003. The Agency filed the case plan prior to the adjudicatory hearing conducted on May 2, 2003. However, the Agency failed to comply with R.C. 2151.412(C) because it did not file the case plan within thirty days of the date on which the complaint was filed or the child was first placed in foster care, which was February 21, 2003.
 {¶ 21} The record indicates appellant never raised this issue at the trial court level and therefore, has waived if for purposes of appeal. This result is in accord with the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus. Further, even if we determined appellant did not waive this issue on appeal, he has not demonstrated any prejudicial effect by the Agency's late filing of the case plan.
 {¶ 22} Appellant next argues, under his First Assignment of Error, the Agency failed to make reasonable efforts to reunify the family pursuant to R.C. 2151.414(E)(1). "Although R.C. 2151.414(E)(1) does refer to `reasonable case planning and diligent efforts by the agency[,]' it addresses those efforts within the context of the parent's failure to remedy the circumstances causing the child's removal from the home. `R.C. 2151.414(E)(1) places no duty on the agency to prove that it exerted reasonable and diligent efforts toward reunification." In reDanella, Summit App. No. 20663, at 3, 2002-Ohio-141, quoting In reThompson (Jan. 10, 2001), Summit App. No. 20201, at 12, citing In reMoore (Dec. 15, 1999), Summit App. Nos. 19202 and 19217, at 24-25.
 {¶ 23} Instead, R.C. 2151.419 is the statute that requires the Agency to prove to the trial court that it made reasonable efforts to prevent removal of the children and to work toward reunification. In re Danella
at 3. The magistrate's decision specifically found, in Findings of Fact, paragraph 13, subsection (c) that "[t]he mother and father have failed continuously and repeatedly to remedy the conditions which existed at the time of the child's removal from her home, notwithstanding reasonable case planning and diligent efforts by the Agency to assist the parents. The Magistrate finds that the Agency made reasonable and diligent efforts to prevent continued removal."
 {¶ 24} Appellant did not challenge this finding, by the magistrate, by filing objections pursuant to Juv.R. 40(E)(3). Thus, appellant has also waived his right to raise this issue on appeal.
 {¶ 25} Appellant's First Assignment of Error is overruled.
 II {¶ 26} Appellant maintains, in his Second Assignment of Error, the juvenile court erred when it failed to make written findings of the relevant services provided, by the Agency, to appellant. We disagree.
 {¶ 27} Pursuant to R.C. 2151.419(B)(1), appellant maintains the juvenile court was required to describe, in its findings of fact, the services the Agency provided to him. We previously rejected this argument in In the Matter of Cramer (June 10, 1998), Licking App. Nos. 97CA00095, 97CA00098 and In the Matter of Guisinger (May 31, 1994), Stark App. No. CA 9478. In the Cramer case, we stated as follows:
 {¶ 28} "This Court has previously reviewed the question of whether the requirements of R.C. 2151.419 apply to R.C. 2151.413 motions in In theMatter of Andrew Guisinger * * *. In that case, we found R.C. 2151.419
does not apply to R.C. 2151.413 motions, and; therefore, the trial court is not required to enter a specific listing of the facts leading to its decision." Cramer at 2.
 {¶ 29}
Since the Agency sought permanent custody of Paige under R.C. 2151.413, the trial court was not required to comply with R.C. 2151.419(B)(1).
 {¶ 30} Appellant's Second Assignment of Error is overruled.
 III {¶ 31} In his Third Assignment of Error, appellant maintains the juvenile court erred when it failed to appoint a separate attorney and separate guardian ad litem to represent Paige. We disagree.
 {¶ 32} Specifically, appellant contends the appointment of one person to serve as both Paige's attorney and guardian ad litem created an inherent conflict of interest because the bests interests of the two children could be vastly different. Therefore, appellant concludes the guardian ad litem would have to assert the best interests of one child over the best interests of the other.
 {¶ 33} Generally, the appointment of separate individuals to serve as guardian ad litem and counsel for a child is only required if either the guardian ad litem or the trial court determines that a conflict exists between the role of guardian ad litem and the role of an attorney. See Juv.R. 4(C)(2). Under the plain language of R.C. 2151.352, indigent children are entitled to appointed counsel in all juvenile court proceedings. State ex rel. Asberry v. Payne, 82 Ohio St.3d 44, 48,1998-Ohio-596. When an attorney is appointed as guardian ad litem, that attorney may also act as counsel for the child, absent a conflict of interest. In re Smith (1991), 77 Ohio App.3d 1, 14.
 {¶ 34} In the case sub judice, appellant presented no evidence which would establish that a conflict existed between Attorney Robin Green's performance as the children's guardian ad litem and attorney. Accordingly, the juvenile court did not err when it denied appellant's request to appoint a separate attorney and separate guardian ad litem to represent Paige.
 {¶ 35} Appellant's Third Assignment of Error is overruled.
 IV {¶ 36} Appellant contends, in his Fourth Assignment of Error, the guardian ad litem's report failed to express the wishes of Paige. We agree.
 {¶ 37} R.C. 2151.414(D)(2) requires the trial court to consider the children's wishes "as expressed directly by the child or through the child's guardian ad litem, with due regard for the child's maturity." The guardian ad litem's report, in the case sub judice, does not address Paige's wishes. Nor does the report indicate that Paige is unable to express her wishes. Furthermore, Paige did not testify at the hearing. Also, neither the magistrate's decision nor the judgment entry approving and adopting the magistrate's decision indicates that Paige was interviewed during an in camera hearing. Paige's wishes were also not addressed in the magistrate's decision or the trial court's judgment entry.
 {¶ 38} Although the caseworker testified regarding Paige's placement, a caseworker's testimony cannot be considered as an expression of the child's wishes in lieu of the guardian ad litem's report. In re C.M., Summit App. No. 21372, 2003-Ohio-5040, at ¶ 15. Accordingly, due to the lack of any evidence, in the record, concerning Paige's wishes, we remand this matter to the juvenile court. The guardian ad litem shall meet with Paige to discuss her wishes regarding her custody and thereafter, file a written report with the juvenile court expressing her wishes, as well as addressing Paige's level of maturity.
 {¶ 39} Based upon this report, the juvenile court will determine if Paige's wishes regarding custody conflicts with the guardian ad litem's recommendation. If there is evidence that Paige's wishes are different from the guardian's recommendation, the juvenile court should determine whether, based on Paige's level of maturity and understanding of the proceedings, independent counsel should be appointed to represent her. The juvenile court may conduct an in camera interview, with Paige, if necessary, in making this determination.
 {¶ 40} Thereafter, the juvenile court shall conduct a hearing on the sole issue of Paige's wishes, as expressed directly by Paige or through the guardian ad litem, and render a new decision regarding Paige's best interest. The juvenile court's decision shall be based upon evidence already in the record and the evidence admitted after remand.
 {¶ 41} Appellant's Fourth Assignment of Error is sustained.
 V {¶ 42} Appellant contends, in his Fifth Assignment of Error, the juvenile court erred in finding that he failed to remedy the conditions that caused Paige's removal. We disagree.
 {¶ 43}
Appellant challenges the juvenile court's finding under R.C.2151.414(E)(1). This statute provides as follows:
 {¶ 44} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 45} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 46} Where R.C. 2151.414(E)(1) is the basis for granting permanent custody, the agency has a duty to use reasonable efforts to reunify the parent and child after the child's removal from the home. In re T.K., Wayne App. No. 03CA0006, 2003-Ohio-2634, at ¶ 13. Thus, the agency must give the parent a case plan and an opportunity to correct the situation that caused the removal of the child when it relies on R.C. 2151.414(E)(1). Finally, the trial court's finding, under R.C. 2151.414(E)(1), must be supported by clear and convincing evidence. Clear and convincing evidence is that which will cause the trier of fact to develop a firm belief or conviction as to the facts sought to be established. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 47} The record indicates the Agency filed a case plan, in this matter, on April 1, 2003. One of the requirements, of the case plan, was that appellant complete inpatient drug and alcohol treatment programs and actively participate in all recommended treatment addressing his drug/alcohol dependency. Appellant admits he did not complete this requirement because he could not financially afford to participate in an inpatient program.
 {¶ 48} However, in addition to not complying with this requirement of the case plan, the history of this case demonstrates appellant has failed to address the problems that initially resulted in Paige's removal from his home. Specifically, appellant previously completed a case plan and gained custody of Kelly and Paige in March 2002. However, by February 2003, appellant was again abusing alcohol. On February 18, 2003, appellant became physically abusive to Kelly and gave her a black eye. At the time of the permanent custody hearing, appellant was incarcerated for felony domestic violence.
 {¶ 49} "* * * [C]ompletion of a case plan does not, in and of itself, require that children be reunified with parents who have failed to remedy the conditions which led to removal in the first place. This argument, if accepted, would convert the goal of the reunification process into one of mere rigid compliance with the rules of * * * [the agency] rather than a process in which the parent learns to exercise [his or] her own judgment in a manner which will insure the protection and well-being of the children." In re: J.L., Cuyahoga App. No. 84368, 2004-Ohio-6024, at ¶20, citing Matter of McCutchen (Mar. 8, 1991), Knox App. No. 90-CA-25, at 5.
 {¶ 50} The trial court's decision that appellant failed to remedy the conditions that caused Paige's removal is supported by clear and convincing evidence. Although appellant successfully completed one case plan, in 2002, he did not successfully complete the subsequent case plan. Further, the record supports the conclusion that the successful completion of the case plan, in 2002, did not remedy the problems that caused Paige to be removed in 2003.
 {¶ 51} Appellant's Fifth Assignment of Error is overruled.
 VI {¶ 52} In his Sixth Assignment of Error, appellant maintains the juvenile court erred when it determined Paige could not be placed with him within a reasonable time. We disagree.
 {¶ 53} In this assignment of error, appellant challenges the trial court's finding, under R.C. 2151.414(B)(1)(a), that Paige cannot be placed with him within a reasonable time or should not be placed with him. Appellant claims he would be prepared to care for Paige upon his release date from prison and that Paige could remain in a temporary placement until that date. Further, appellant points to the fact that he has been in domestic violence and substance abuse counseling and that he can provide a stable environment for Paige.
 {¶ 54} The magistrate concluded that Paige could not be placed with appellant, within a reasonable time, due to appellant's incarceration and his need for long-term substance abuse and anger management counseling. Magistrate's Decision, Dec. 17, 2003, at 3-4.
 {¶ 55} R.C. 2151.414(E) sets forth the factors the trial court is to consider when determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. This statute provides, in pertinent part:
 {¶ 56} "(E) In determining * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines by clear and convincing evidence, at a hearing * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent[.]"
 {¶ 57}
As found by the magistrate, the following factors, under R.C. 2151.414(E), are applicable to the case sub judice:
 {¶ 58} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
 "* * * {¶ 59} "(5) The parent is incarcerated for an offense committed against the child or a sibling of the child;"
 {¶ 60} Based upon the above factors, the record contains clear and convincing evidence to support the trial court's determination that Paige cannot be reunified with appellant, within a reasonable period of time. Accordingly, the juvenile court did not err when it determined Paige could not be placed with appellant.
 {¶ 61} Appellant's Sixth Assignment of Error is overruled.
 VII {¶ 62} Appellant maintains, in his Seventh Assignment of Error, the juvenile court erred in not awarding legal custody of Paige to her paternal aunt. We disagree.
 {¶ 63} Paige's paternal aunt, Pamela Crouser, filed a motion for legal custody of Paige. Ms. Crouser testified, at the hearing, that she had frequent contact with Paige, on weekends and holidays, when appellant visited her home in Massillon. Tr. Hrng., Sept. 23, 2003, at 50-51. Ms. Crouser enjoyed the time she spent with Paige. Based upon this relationship, appellant maintains the trial court should have awarded legal custody of Paige to Ms. Crouser.
 {¶ 64} Prior to considering the merits of this assignment of error, we find it necessary to address the issue of standing (i.e., whether appellant has standing to challenge the trial court's denial of Pamela Crouser's motion for legal custody.) In the case of In re Pittman, Summit App. No. 20894, 2002-Ohio-2208, at ¶ 70, the Ninth District Court of Appeals explained that:
 {¶ 65} "* * * [A] parent has standing to challenge the juvenile court's failure to grant a motion for legal custody of a child to a relative, where the court's denial of that motion led to a grant of permanent custody to the children services agency and impacted the residual rights of the parent. [Citations omitted.] However, the parent is limited to challenging only how the court's decision impacted the parent's rights and not the rights of the relative. A parent has no standing to assert that the court abused its discretion by failing to give * * * [a family member] legal custody; rather, the challenge is limited to whether the court's decision to terminate parental rights was proper."
 {¶ 66} Accordingly, we must determine how the trial court's decision to terminate appellant's parental rights impacted his rights and whether the decision to do so was proper. The willingness of a relative to care for a child does not alter what a trial court considers in determining permanent custody. Id. at 72. Further, the juvenile court is not required to consider placement with a relative before granting permanent custody to an agency. Id.
 {¶ 67} As a reviewing court, we will not reverse the judgment of the juvenile court absent an abuse of discretion. In re Pieper Children
(1993), 85 Ohio App.3d 318, 330. In order to find an abuse of discretion, a trial court's action must have been arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. In his decision, the magistrate found that Ms. Crouser had an adequate home and a genuine interest in assuming custody of Paige. Magistrate's Decision, Dec. 17, 2003, at 4.
 {¶ 68} However, the magistrate noted the Agency's concern that Ms. Crouser may permit contact between Paige and appellant and therefore, placement with Ms. Crouser would not be in Paige's best interest. Id. at 4-5. Further, in addressing Dr. Jackson's concerns regarding the relationship between Paige and her sister, Kelly, the magistrate noted that Kelly would soon be emancipated and able to maintain a relationship with Paige, at their grandmother's house. Id. at 5.
 {¶ 69} Also, the guardian ad litem recommended that the Agency's motion for permanent custody be granted and that Paige's maternal grandmother petition for adoption of Paige. In reaching this conclusion, the guardian ad litem noted that the maternal grandmother has provided care, for Paige, for a significant portion of her life. The guardian ad litem also recommended that Paige and Kelly not reside in the same home because Kelly is aggressive toward Paige regarding Paige's eating habits.
 {¶ 70} Based upon this evidence, we do not find the juvenile court abused its discretion when it denied Ms. Crouser's motion for legal custody.
 {¶ 71} Appellant's Seventh Assignment of Error is overruled.
 XIII, IX, X {¶ 72} We will not address appellant's Eighth, Ninth and Tenth Assignments of Error as these assignments of error are contained in the portion of appellant's brief that exceeds the page limit under Loc.R. 9(B). Loc.R. 9(B) provides as follows:
 {¶ 73} "(B) Length of Briefs.
 {¶ 74} "In addition to the requirements of App.R. 16, no appellant's or appellee's brief or cross-appellant's or cross-appellee's brief, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages."
 {¶ 75} Appellant filed a motion for additional pages on October 4, 2004. We denied appellant's motion on the basis that we have previously granted appellant leave to file a supplemental appellant's brief. However, on October 13, 2004, appellant filed his supplemental brief which was in excess of the thirty-page limit. Accordingly, we will not consider the remainder of appellant's assignments of error.
 {¶ 76} Appellant's Eighth, Ninth and Tenth Assignments of Error are overruled.
 {¶ 77} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Wise, J. Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.
[1] Appellant challenges the termination of his parental rights only as it pertains to Paige.