{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, David D. Dawson, appeals the judgment entered by the Lake County Court of Common Pleas. Dawson was sentenced to a total six years in prison for his convictions for attempted felonious assault of a peace officer and assault of a peace officer. *Page 2 
 {¶ 2} In December 2005, Dawson was indicted on two counts of felonious assault, in violation of R.C. 2903.11(A)(2), first-degree felonies; one count of failure to comply with order or signal of a police officer, in violation of R.C. 2921.331(B), a third-degree felony; and two counts of assault, in violation of R.C. 2903.13(A), fourth degree felonies.
 {¶ 3} Dawson pled guilty to a lesser-included offense of count one, i.e., attempted felonious assault on a peace officer, a second-degree felony. Dawson also pled guilty to count five, assault of a peace officer, pursuant to North Carolina v. Alford.[1] Upon recommendation of the state, the remaining charges were dismissed.
 {¶ 4} The trial court sentenced Dawson to a six-year prison term for his conviction for attempted felonious assault on a peace officer and a 15-month prison term for his conviction for assault on a peace officer. These sentences were ordered to be served concurrently, resulting in an aggregate prison term of six years.
 {¶ 5} Dawson raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of *Page 3 
the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio Legislators."
 {¶ 11} Collectively, Dawson asserts his sentence is unconstitutional, because he committed his crime prior to the Supreme Court of Ohio's decision in State v. Foster,[2] but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed Dawson's exact arguments in the case of State v. Elswick[3] InState v. Elswick, this court found the verbatim assignments of error that are raised in this appeal to be without merit.[4]
 {¶ 12} Based on the authority of State v. Elswick, Dawson's assignments of error are without merit.
 {¶ 13} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] North Carolina v. Alford (1970), 400 U.S. 25.
[2] See State v. Foster, 109 Ohio St.3d 1, 2005-Ohio-856.
[3] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[4] Id. at ¶ 5-55. *Page 1