OPINION
{¶ 1} Appellant, Vincent Allen ("Allen"), appeals the judgment entered by the Juvenile Division of the Trumbull County Court of Common Pleas. The trial court granted a motion for permanent custody of Allen's children filed by appellee, the Trumbull County Children Services Board.
 {¶ 2} Jolanda Croal ("Croal") is the mother of Ja'Tayvion Allen ("Ja'Tayvion") and Ja'Lisa Allen ("Ja'Lisa"). Allen is the father of Ja'Tayvion and Ja'Lisa. Ja'Tayvion was born in February 2001, and Ja'Lisa was born in January 2002. *Page 2 
 {¶ 3} Appellee has been involved in this case since 2001. At various times, the children were subject to temporary custody and/or protective supervision orders. The children were placed with several different people, including: Croal, their maternal grandfather, and their paternal grandmother. In May 2005, Ja'Tayvion and Ja'Lisa were placed with a foster family. They resided with this foster family through the permanent custody hearing.
 {¶ 4} On January 11, 2007, the trial court appointed Attorney Laura Berzonski as guardian ad litem and counsel for Ja'Tayvion and Ja'Lisa. There is nothing in the record to indicate the trial court considered whether the dual appointment was appropriate or whether there was a conflict between the two roles Attorney Berzonski would be performing.
 {¶ 5} In March 2007, appellee filed a motion for permanent custody of Ja'Tayvion and Ja'Lisa. A hearing was held on appellee's motion for permanent custody on June 15, 2007 before a magistrate. Croal and Allen both testified at this hearing. Also, Attorney Berzonski testified as the guardian ad litem. During her testimony, Attorney Berzonski admitted that she had not interviewed Ja'Tayvion or Ja'Lisa.
 {¶ 6} The magistrate issued a decision recommending that appellee's motion for permanent custody be granted. Croal and Allen filed timely objections to the magistrate's decision. In December 2007, the trial court overruled Allen's and Croal's objections to the magistrate's decision and granted appellee's motion for permanent custody of Ja'Tayvion and Ja'Lisa. *Page 3 
 {¶ 7} Allen has timely appealed the judgment of the trial court. In addition, Croal has appealed the trial court's judgment to this court. Our decision in Croal's appeal is also released today. In re Allen, 11th Dist. No. 2008-T-0010.
 {¶ 8} Allen raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in failing to fully discuss the best interests statutory factors within O.R.C. 2151.414(D) in awarding permanent custody of the Allen children to the Trumbull County Children Services Board.
 {¶ 10} "[2.] The trial court decision in granting permanent custody to Trumbull County Children Services Board was against the manifest weight of the evidence."
 {¶ 11} In Croal's appeal, we found merit in her second assignment of error, since Ja'Tayvion and Ja'Lisa were denied their right to counsel.In re Allen, 11th Dist. No. 2008-T-0010. Although the children were appointed counsel, it is clear that Attorney Berzonski did not serve as the children's attorney, since she did not ascertain what their interests were. Id. Thus, we are remanding this matter to the trial court for the trial court to conduct a new hearing on appellee's motion for permanent custody. Accordingly, Allen's assignments of error are moot. App. R. 12(A)(1)(c). See, also, In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 32.
 {¶ 12} While Allen's assigned errors are moot, we briefly address the following topic to avoid error on remand. In this matter, Attorney Berzonski stated:
 {¶ 13} "I did not interview the minor children due to their young ages of five and six, so I have not determined what their wishes and desires were."
 {¶ 14} In its final judgment entry, the trial court found that the "wishes of the children or the wishes of the children as expressed through the Guardian ad Litem" *Page 4 
were for appellee's motion for permanent custody to be granted. This finding is not supported by the record. There is no evidence in the record that the trial court interviewed Ja'Tayvion or Ja'Lisa to determine what their interests were. Further, the record affirmatively demonstrates that the guardian ad litem did not interview the children to discover what their wishes were.
 {¶ 15} Pursuant to R.C. 2151.414(D)(2), the juvenile court is required to consider the children's wishes, as conveyed directly to the court or expressed through the guardian ad litem. In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 30. A judgment that fails to consider the children's wishes is subject to reversal. Id. citing In re Salsgiver, 11th Dist. No. 2002-G-2411, 2002-Ohio-3712, at ¶ 26. While the children in this matter were young (ages five and six), we do not agree with the guardian ad litem's conclusion that they were per se unable to express their interests due to their ages. We believe the better practice is for the guardian ad litem to interview the children and report their interests to the court. If relevant, the guardian ad litem may address the children's level of maturity to explain the context of the children's wishes. See In re Miller, 5th Dist. No. 04 CA 32, 2005-Ohio-856, at ¶ 38. Moreover, if, after interviewing the children, the guardian ad litem determines that one or both of the children are unable to express their interests, that determination should be reported to the court and entered into the record. Id. at ¶ 37. Further, if a dual appointment has been made and the guardian ad litem later determines that there is a conflict between the children's wishes and his or her anticipated recommendation to the court, the guardian ad litem should report the conflict to the trial court, to permit the trial court to *Page 5 
appoint separate counsel for the children. See, e.g., State v.Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, at ¶ 18. (Citations omitted.)
 {¶ 16} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Specifically, the trial court is to conduct a new hearing on appellee's motion for permanent custody, after the children's wishes have been established and the trial court has ensured the children's right to counsel is safeguarded.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.