[Cite as *In re R.S.*, 2020-Ohio-4561.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                                   |                                          |
| --------------------------------- | ---------------------------------------- |
|                                   | JUDGES:                                  |
| IN THE MATTER OF:                 | Hon. William B. Hoffman, P.J.            |
|                                   | Hon. John W. Wise, J.                    |
| R.S.                              | Hon. Earle E. Wise, Jr., J.              |
|                                   |                                          |
| ALLEGED ABUSED                    | Case No. 19 CA 00021                     |
| NEGLECTED AND/OR                  |                                          |
| DEPENDENT CHILD                   | O P I N I O N                            |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Juvenile Division, Case No. 2017-C-277


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         September 22, 2020


APPEARANCES:

For Appellant                          For Appellee

LAURA S. MANN                          JESSICA L. MONGOLD
JENNIFER DAVIS                         PERRY COUNTY CHILDREN SERVICES
GOTTLIEB, JOHNSTON, BEAM               123 South Broad Street
& DAL PONTE, PLL                       Suite 206
320 Main Street, P.O. Box 190          P. O. Box 502
Zanesville, Ohio 43702-0190            Lancaster, Ohio 43130

*Wise, John, J.*

{¶1} Appellant, Jennifer D., appeals the decision of the Perry County Court of Common Pleas, Juvenile Division, which terminated Jennifer D.'s and Michael S.'s parental rights and granted Perry County Children's Services Agency ("Agency") motion for permanent custody of their child, R.S. The following facts give rise to this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant is the biological mother of R.S. R.S. was born on January 25, 2016. Michael S. is the natural father of R.S. established via the execution of an Acknowledgment of Paternity Affidavit which has become final.

{¶3} On August 3, 2017, Appellant had contact with law enforcement leading to charges of endangering children, possession of a schedule three drug, and drug paraphernalia.

{¶4} On August 4, 2017, Appellant and Michael S. voluntarily signed a Temporary Care Agreement granting the Agency temporary care of R.S.

{¶5} Appellant was eventually found guilty of all charges and ordered to participate in Perry County Drug Court as part of her sentence in September of 2017.

{¶6} On September 12, 2017, the Agency filed a complaint with Perry County Juvenile Court seeking temporary custody of R.S. alleging he was a dependent child under R.C. 2151.04(C).

{¶7} On October 18, 2017, an adjudication hearing was scheduled, in which Appellant did not attend.  Michael S. did appear on this date and admitted R.S. was a dependent minor. The trial court did not appoint an attorney to represent Appellant at that time, nor was an attorney or guardian ad litem appointed to represent R.S. The trial

court rescheduled the hearing to give Appellant the opportunity to participate in the proceedings.

{¶8} On November 8, 2017, both Michael S. and Appellant signed the case plan.

{¶9} On November 29, 2017, the adjudication hearing was held. Appellant appeared without the benefit of counsel. The trial court held Appellant was properly served and affirmed its previous finding adjudicating R.S. as a dependent child. The court continued its order granting the Agency temporary custody and continuing R.S.'s placement with his paternal grandmother.

{¶10} On September 26, 2018, an Annual Review of the case plan was held; both parents failed to appear.

{¶11} On June 7, 2019, a Motion for Permanent Custody was filed by the Agency, and the Permanent Custody Hearing Notice was issued on June 11, 2019.

{¶12} On June 12, 2019, a guardian ad litem for R.S., an attorney for Appellant, and an attorney for Michael S. were appointed.

{¶13} On July 24, 2019, the guardian ad litem filed a written report with the trial court.

{¶14} On August 7, 2019, a trial on the Agency's Motion for Permanent Custody and placing R.S. into the permanent custody of the Agency was held. Appellant was incarcerated at this time. The new charges stemming from Appellant's arrest in July of 2019 were still pending.

{¶15} Appellant testified that around 2012, she lost permanent custody of two of her children, half-siblings to R.S., due to her drug use. Appellant testified that on August 3, 2017, Appellant had contact with law enforcement due to her use of drugs, charges of

endangering children, possession of a schedule three drug, and drug paraphernalia. This led to Appellant's continued participation in drug court since September of 2017, and began the Agency's involvement with R.S.

{¶16} Appellant testified that in February of 2018 a warrant was issued for Appellant's arrest due to her noncompliance with the drug court program. After her arrest, Appellant was ordered to complete an inpatient drug counseling program at Stanton Villa. After completing the inpatient drug program in April of 2018, Appellant relapsed a few days later.

{¶17} Following Appellant's relapse on methamphetamine, Appellant testified that she was ordered to enter another inpatient treatment program. Appellant entered Stepping Stones in August of 2018. Appellant did not successfully complete the Stepping Stones program. Appellant tested positive for Suboxone while in inpatient treatment.

{¶18} After leaving Stepping Stones, Appellant testified she entered detox for several days. Appellant did not complete the detox program. Another warrant for her arrest was issued by the court. Appellant testified she was arrested on or about October 29, 2018. Appellant remained incarcerated until February 12, 2019. On February 12, 2019, Appellant was ordered to enter inpatient treatment at the Salvation Army.

{¶19} Appellant testified she failed to complete inpatient treatment at Salvation Army and left in March of 2019. Another warrant was issued for her arrest. She was arrested on this warrant in July of 2019. At the time of arrest, Appellant was charged with additional crimes including: resisting arrest, falsification, possession of a hypodermic needle (two counts), and possession of digital scales. At the time of the hearing her court date was set for August 22, 2019.

**{¶20}** Appellant further testified she had been diagnosed with manic depression, ADHD, borderline personality disorder, and PTSD. She initially received counselling and medications, but she has not been regularly attending counselling since September of 2018.

**{¶21}** Appellant testified she signed a case plan consisting of domestic violence counseling for Appellant and Michael S. due to a history of domestic violence between them, drug abuse treatment recommendations for Appellant, and coordination with Integrated Services for housing and case management for Appellant. She was able to obtain housing but then abandoned it when she realized she could go to jail in September of 2018. Appellant did not communicate with the Agency during the period of time she had warrants for her arrest.

**{¶22}** Michael S. also testified at the trial. He testified that he spent two months in jail for driving under suspension. He testified he did not participate in domestic violence counseling with Appellant. He testified he was compliant with the random drug screens until his car broke down. He said he has not participated in any drug screens since October 29, 2018. He testified he did not work with Integrated Services and was removed from the case plan. At the time of the hearing he testified he had not seen R.S. since November 19, 2018. He also testified he smoked marijuana at the time R.S. was removed from his custody and continues to smoke marijuana.

**{¶23}** At the hearing Lacy Bateson, an employee of Perry County Children Services, testified neither Appellant nor Michael S. made any attempt to comply with domestic violence counseling, Appellant did not successfully complete drug abuse treatment recommendations, Ms. Bateson could only make contact with Appellant during

Appellant's incarceration, and Appellant only worked with Integrated Services for four to five months. Ms. Bateson also testified that Appellant did not visit with R.S. starting before February of 2018 through August 7, 2019. Ms. Bateson testified Michael S. failed to complete any domestic violence counseling, he did not successfully complete his drug testing, and he was required to work with Integrated Services but failed to do so. She further testified that Michael S. did not visit with R.S. from November 19, 2018, through August 7, 2019, despite being offered the opportunity to do so.

**{¶24}** Mandy Tripp, an information specialist and keeper of the records at American Court Services, testified that since August 3, 2017, Appellant and Michael S. both tested positive for drugs during their screenings.

**{¶25}** The guardian ad litem, Audrey Stoffel, testified that R.S., at three years of age, had bonded with the foster family, and she could not ascertain what he remembered or his desires on where he would like to live. Ms. Stoffel testified she did not attempt to contact Appellant, as she had been informed Appellant was "on the run." Ms. Stoffel testified that she believes with the information she had on hand and the testimony she heard during the trial she still believes it is in R.S.'s best interest to grant the Agency's Motion for Permanent Custody.

**{¶26}** On October 15, 2019, the trial court issued a Final Order Granting the Motion for Permanent Custody and placing R.S. into Permanent Custody of Perry County Children Services.

### ASSIGNMENTS OF ERROR

**{¶27}** Thereafter, Appellant timely filed her notice of appeal. She raises the following Assignment of Error:

**{¶28}** "I. THE TRIAL COURT ERRED IN TERMINATING APPELLANT'S PARENTAL RIGHTS BY GRANTING THE AGENCY'S MOTION FOR PERMANENT CUSTODY WHEN IT FAILED TO APPOINT A GUARDIAN *AD LITEM* FOR THE CHILD UNTIL THE PERMANENT CUSTODY STAGE OF THE PROCEEDINGS AND NEVER APPOINTED AN ATTORNEY TO REPRESENT THE CHILD."

**I.**

**{¶29}** In her Assignment of Error, Appellant submits the trial court erred in granting permanent custody of R.S. to the Agency without ever appointing an independent counsel for R.S. and failing to appoint a guardian ad litem for R.S. until the permanent custody stage of the proceedings. We disagree.

**{¶30}** The record indicates Appellant never raised the issue of no attorney being appointed to R.S. at the trial court level and therefore, has waived it for purposes of appeal. This result follows the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have brought to the trial court's attention, but did not at a time when such error could have been corrected or avoided by the trial court. *In re Miller*, 5th Dist. Licking No. 04 CA 32, 2005-Ohio-856, ¶21. Further, even if we determined Appellant did not waive her issue on appeal, the following analysis would show the trial court did not commit reversible error by failing to appoint counsel to R.S.

**{¶31}** Juvenile Rule 4(A) and R.C. 2151.352 govern the right to counsel in a juvenile court proceeding.

**{¶32}** Juvenile Rule 4(A) states:

Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided by for constitution or statute.

**{¶33}** R.C. 2151.352 states:

A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings… Counsel must be provided for a child not represented by the child's parent, guardian, or custodian.

**{¶34}** "Pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances." *In re Williams*, 101 Ohio St.3d 398, 805 N.E.2d 1110, 2004-Ohio-1500, syllabus. The *Williams* Court held, "courts should make a determination, on a case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child and the possibility of the guardian ad litem being appointed to represent the child." *Id*. A trial court is only required to appoint independent counsel for a child "when a

guardian ad litem who is also appointed as the juvenile's attorney recommends a disposition that conflicts with the juvenile's wishes." *Id.*

**{¶35}** In the case sub judice, the "certain circumstances" do not exist. The trial court appointed a guardian ad litem to R.S. Also, there is nothing in the record to establish R.S. "consistently and repeatedly expressed a strong desire" to live with either parent. Accordingly, we find an independent counsel was not required.

**{¶36}** In addition to Juv.R. 4(B), R.C. 2151.281 govern the right for the appointment of a guardian ad litem to protect the interests of the child.

**{¶37}** R.C. 2151.281 states:

(B)(2) Except in any proceeding concerning a dependent child involving the permanent custody of an infant under the age of six months for the sole purpose of placement for adoption by a private child placing agency, the courts shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged dependent child if any of the following applies:

(a) The parent of the child appears to be mentally incompetent or is under eighteen years of age.

(b) There is a conflict of interest between the child and the child's parents, guardian, or custodian.

(c) The court believes that the parent of the child is not capable of representing the best interest of the child.

**{¶38}** Juv.R. 4(B) in pertinent part provides:

(B) Guardian ad litem; when appointed. The court shall appoint a guardian *ad litem* to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

…

(2) The interests of the child and the interests of the parents may conflict.

…

(4) The court believes that the parent of the child is not capable of representing the best interest of the child.

(5) Any proceeding involves allegations of abuse, neglect, voluntary surrender of permanent custody, or termination of parental rights as soon as possible after the commencement of such proceeding.

{¶39} Appellant argues a guardian ad litem should have been appointed "at every critical stage of the proceedings." *In Matter of Myer*, 5th Dist. Delaware No.80-CA-10, 1981 WL 6316. The holding in *Myer* states, "We find the failure of the court to appoint a guardian ad litem for the purpose of protecting the interests of the child at every critical stage of the proceedings in a neglect case is reversible error." *Id.* Appellant contends that even though *Myer* refers to a neglect case and this is a dependency case, it is a distinction without a difference.  We disagree. Juv.R. 4(B) makes specific reference to cases of neglect requiring a guardian ad litem. Juv.R. 4(B)(5). Juv.R. 4(B) does not specifically list dependency cases. Therefore, a guardian ad litem is only required to be appointed if another criteria of R.C. 2151.281 or Juv.R. 4(B) is met.

**{¶40}** Appellant also makes reference that her interests and the interests of R.S. may have been in conflict before the permanent custody hearing. As Juv.R. 4 requires the trial court to appoint a guardian ad litem when a possibility of a conflict of interest exists, the statute requires an appointment of a guardian ad litem only if the court finds there is an actual conflict of interest. *In re J.C.*, 5th Dist. Knox No. 14CA23, 2015-Ohio-4664, ¶27. Therefore, the relevant question is if the record contains an actual, or potential conflict of interest. *Matter of J.D.*, 5th Dist. Richland No. 17CA42, 2018-Ohio-1823, ¶13.

**{¶41}** In *In Matter of J.D.*, there were no facts on the record showing a conflict of interest. The appellant in *In Matter of J.D.* asked the court to presume a potential conflict. *Id.* As there were no facts on the record, this Court held that no conflict of interest requiring the appointment of a guardian ad litem existed. *Id.*

**{¶42}** In this case, Appellant argues the trial court's finding that R.S.'s best interest to be removed from his parents represented a conflict of interest between R.S. and the his parents; however, at the beginning of R.S.'s temporary custody, both Appellant and Michael S. voluntarily signed a Temporary Care Agreement giving the Agency temporary care of R.S. In the years that followed, Appellant was in and out of drug abuse treatment, continued to use controlled substances, and was incarcerated. Appellant had not visited R.S. from before February of 2018 through August 7, 2019. As there is no specific conflicts of interest noted by Appellant or in the record, a guardian ad litem was not required to be appointed.

**{¶43}** Appellant's sole Assignment of Error is overruled.

**{¶44}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division of Perry County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.

JWW/br 0915