[Cite as *In re K.K.E.*, 2020-Ohio-6723.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: K.K.E. | : | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 2020 AP 08 0016 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Juvenile Division,
                             Case No. 20JN00129

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 16, 2020

APPEARANCES:

For - Appellant                      For - Appellee

DIANA DUDGEON                        JEFF KIGGANS
201 North Main Street                389 16th St. S.W.
P.O. Box 272                         New Philadelphia, OH 44663
Uhrichsville, OH 44683

*Gwin, J.*

{¶1} Appellants appeal the July 29, 2020 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, denying their motion to intervene. Appellee is the Tuscarawas County Job Department of and Family Services ("TCJFS").

*Facts & Procedural History*

{¶2} K.K.E. was born on April 23, 2020. K.E. is the mother of the child and D.E. is the father of the child. On April 24, 2020, TCJFS filed a motion for emergency pick up order for K.K.E. because of the recent granting of permanent custody of the parents' two older children to TCJFS. The trial court granted the motion and granted temporary custody of K.K.E. to TCJFS.

{¶3} TCJFS filed a complaint for dependency on April 27, 2020, due to the drug use of both parents, the inability of the parents to provide an appropriate living environment, and the newborn child's addiction to suboxone. Appellants W.C. and K.C. are the paternal aunt and uncle of K.K.E. The social worker assigned to K.K.E. completed a home study of appellants in June of 2020.

{¶4} The trial court held an adjudicatory hearing on July 21, 2020. The parents of the child were served with notice by publication, but failed to appear at the hearing. Based upon the testimony at the hearing, the trial court found K.K.E. was a dependent child pursuant to R.C. 2151.04. Further, the trial court determined TCJFS used reasonable efforts to avoid the initial removal of the child, but removal could not be prevented. The trial court set a disposition hearing for July 23, 2020.

{¶5} On July 22, 2020, W.C. and K.C. filed a complaint for custody and motion to intervene.

{¶6} The trial court held a dispositional hearing on July 23, 2020. Neither of the child's parents appeared at the hearing. Prior to the hearing, the trial court addressed appellants' motion to intervene. Counsel for TCJFS objected to the motion because appellants have never been in loco parentis and have no specific relationship to the child. When the trial court inquired of appellants' attorney, she stated appellant K.C. is "the paternal aunt and she would just like to be considered for custody of the child." When the trial court stated she did not see that anything qualified appellants to be parties in the case entitling them to intervention and inquired of appellants' counsel, counsel made no further argument. The trial court denied the motion to intervene and proceeded with the permanent custody hearing.

{¶7} Jamie Grunder ("Grunder"), the ongoing caseworker for the case, testified at the hearing. Grunder testified she completed a home study of appellants. She had concerns about the honesty of one of the appellants and struggles with the fact that appellants may permit contact with the child's father, who is a serious methamphetamine user. Appellants sent Grunder an email during the pendency of the case for the two older children, but did not check on them or remain involved in the case.

{¶8} The trial court issued a judgment entry on July 29, 2020. The trial court denied appellants' motion to intervene because they do not qualify as parties. The trial court also found: pursuant to R.C. 2151.419, TCJFS need not expend reasonable efforts to reunify the child; two other biological children of these parents have been placed in the permanent custody of TCJFS; neither parent has participated in case plan services; the parents have failed to remedy the conditions that caused the removal of the child; the current address of the parents is unknown, and they have failed to contact the court or

TCJFS.  The trial court concluded the child cannot and should not be placed with either parent and it is in the best interest of the child to be placed in the permanent custody of TCJFS.  The trial court granted TCJFS permanent custody of K.K.E.

{¶9}    Appellants appeal the July 29, 2020 judgment entry of the Tuscarawas Court of Common Pleas, Juvenile Division, and assign the following as error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' CIVIL RULE 24 MOTION TO INTERVENE AND DENYING THEM THE OPPORTUNITY TO BE A PARTY IN THE PROCEEDINGS FILED BY THE APPELLEE REQUESTING THAT TUSCARAWAS COUNTY JOB AND FAMILY SERVICES BE GRANTED PERMANENT CUSTODY OF THE MINOR CHILD."

I.

{¶11}  Appellants did not indicate in their motion or at the hearing whether they sought intervention pursuant to Civil Rule 24(A) or Civil Rule 24(B).  To the extent appellants' motion was based upon subsection (A), this Court's standard of review is de novo.  Under Civil Rule 24(A), a party may intervene as of right, "(1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action * * *."  Civil Rule 24(A)(2) permits intervention as of right only when an applicant has a legal interest in the action.  *Rumpke v. Sanitary Landfill, Inc. v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161.

{¶12}  The Ohio Supreme Court has set forth criteria for third parties to be considered parties for purposes of intervention in abuse, neglect, and dependency cases pursuant to Civil Rule 24(A).  *In re Schmidt*, 25 Ohio St.3d 331, 496 N.E.2d 952 (1986).

*Schmidt* focuses on whether the grandparents obtained, through statute, court order, or other means, any legal right to custody and whether they had any legal interest in the care and custody of the children. *Id.* Desire for custody or concern for the child's welfare, "cannot be construed as a legal interest that falls within the scope of 24(A)." *Id.* Chapter 2151 does not require extended family members be made parties unless they filled the role of parents. *Id.*

{¶13} Like in *Schmidt*, there are no allegations or evidence set forth in appellants' motion to intervene that would reasonably indicate appellants had a "right" to custody or visitation with K.K.E; rather, they have a desire for custody. Appellants never obtained, prior to their motion to intervene, through statute, court order, or other means, any legal right to custody or visitation with K.K.E. Moreover, they have no legal interest in the case which would allow them to intervene as of right pursuant to Civil Rule 24(A). Finally, the record does not indicate appellants ever stood in loco parentis to the child, or that they ever exercised significant parental control over, or assumed any parental duties, for the benefit of K.K.E. Accordingly, the trial court did not commit error in denying appellants' motion to intervene pursuant to Civil Rule 24(A).

{¶14} Civil Rule 24(B) allows for permissive intervention: "(1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." In exercising its discretion under Civil Rule 24(B), the trial court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civil Rule 24(B).

{¶15}  In reviewing the trial court's denial of a motion to intervene pursuant to Civil Rule 24(B), the proper standard of review is whether the trial court's action constituted an abuse of discretion.  *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶16}  Juvenile Rule 2(Y) and Civil Rule 24(B) give the trial court discretion to permit or deny intervention.  Under Juvenile Rule 2(Y), a party is defined as, "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian at litem, the state, and any other person specifically designated by the court."  Extended family members are not automatically entitled to be made parties to custody proceedings.  *In re Schmidt*, 25 Ohio St.3d 331, 496 N.E.2d 952 (1986).

{¶17}  This Court has previously examined whether a trial court abused its discretion in a decision on a motion to intervene pursuant to subsection (B) and considered whether the person attempting to intervene in some manner filled the role of the parents.  *In re T.H.*, 5th Dist. Muskingum No. CT2016-0008, 2016-Ohio-7310.  The Ohio Supreme Court explained the term "in loco parentis" means "charged, factitiously, with a parent's rights, duties, and responsibilities."  *State v. Noggle*, 67 Ohio St.3d 331, 1993-Ohio-189, 615 N.E.2d 1040, citing Black's Law Dictionary (6th Ed. 1990) 787.  A

person in loco parentis has assumed the same duties as a guardian or custodian, only not through a legal proceeding. *Id.*

{¶18} This Court found the trial court did not abuse its discretion in allowing the foster parents to intervene in a case where they assumed the dominant parental role for the child for over two years. *In re T.H.*, 5th Dist. Muskingum No. CT2016-0008, 2016-Ohio-7310. However, in this case, there is no evidence that appellants assumed the dominant parental role for K.K.E., that they exercised significant parental control over K.K.E., or that K.K.E. relied on appellants for support. Thus, they have not been in loco parentis with K.K.E.

{¶19} Appellant's argument centers around the last sentence of Civil Rule 24(B). They contend the trial court did not properly consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Specifically, appellants argue the trial court did not determine whether there would be any prejudice to K.K.E.'s natural parents in permitting appellants to intervene. First, as to K.K.E.'s natural parents, since neither participated in this case, there is no evidence in the record as to whether they would have been in favor of placement with appellants. Due to their lack of participation in the case, it is unclear if appellants' and the parents' positions would be the same. Additionally, the denial of the motion to intervene actually hastened the court's adjudication of the rights of the parents.

{¶20} Further, the "original parties" in the case include not only the child's parents, but the child him or herself. "The natural rights of a parent are not absolute, but are always subject to the ultimate welfare of the child, which is the polestar or controlling principle to be observed." *In re Cunningham*, 59 Ohio St.2d 100, 391 N.E.2d 1034 (1979).

In order to decide a motion to intervene in a juvenile court proceeding, the trial court should look to whether intervention is in the best interest of the child. *In re T.H.*, 5th Dist. Muskingum No. CT2016-0008, 2016-Ohio-7310. Grunder testified she and the agency had concerns as to appellants' home study, and she believed a safe, stable environment could only be achieved through permanent custody to the agency. Further, Grunder stated it is in the best interest of K.K.E. for her to be placed in the permanent custody of TCJFS.

{¶21} We find no abuse of discretion by the trial court in denying appellants' motion to intervene pursuant to Civil Rule 24(B).

{¶22} In their brief, appellants also allege they were prohibited by TCJFS from meeting K.K.E., thus preventing them from being in loco parentis. Further, that the trial court did not hear any evidence, including appellants' potential testimony, as to why appellants had not been in loco parentis. However, appellants did not allege they were prohibited by TCJFS from meeting the child either in their motion to intervene, or at the hearing on July 23rd. Further, prior to the permanent custody hearing on July 23rd, the trial court addressed appellants' attorney regarding the motion to intervene and the motion for custody. Counsel did not argue appellants were prevented by TCJFS from becoming in loco parentis, and also did not request that the trial court hear appellants' testimony on the motion or make a proffer as to how that testimony may impact the trial court's determination on the motion to intervene. Rather, counsel stated only that appellants wished to be considered for placement.

{¶23} Since appellants did not raise these issues at the trial court level, they have therefore waived these arguments for purposes of appeal. *In the Matter of R.C.*, 5th Dist.

Perry No. 19 CA 00021, 2020-Ohio-4561. This result follows the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have been brought to the trial court's attention, but did not at a time when such error could have been corrected or avoided by the trial court. *In re Miller*, 5th Dist. Licking No. 04 CA 32, 2005-Ohio-856.

{¶24} Based on the foregoing, appellants' assignment of error is overruled. The July 29, 2020 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, John, concur